**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

KURT GODDARD, et al.,

    Plaintiffs,

v.                                                    Case No. 07-CV-10608-DT

FOREST DUNES MANAGEMENT, LLC, et al.,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION TO AMEND, GRANTING DEFENSE COUNSEL'S
MOTION TO WITHDRAW AND STAYING DISCOVERY**

**I. DISCUSSION**

**A. Motion to Amend**

On August 29, 2007, Plaintiffs filed their "Motion to Amend Complaint," seeking to add Total Golf Inc. ("Total Golf") and CPTF Forest Dunes Holding Company, L.L.C. ("CPTF") as defendants to this action. (*See generally* Pls.' Mot. to Amend.) According to Plaintiffs, Total Golf Inc. is the entity that manages Defendant Forest Dunes Golf and Country Club, and CPTF is the entity that owns the golf course property. (*Id.* at 1.) All Defendants except Chris Bronson have stipulated to the addition of Total Golf and

CPTF as defendants to this action.[1] (*See generally* Defs.' Resps.)  Defendant Bronson has not objected to the additions.

Federal Rule of Civil Procedure 15 provides that leave to amend a complaint "shall be freely given when justice so requires . . . ." Fed. R. Civ. P. 15(a).  Further, "[i]n deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs, Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005).  Given that there are no objections to the additions and the court finds that the above considerations do not weight conclusively in favor of Defendants, the court will grant Plaintiffs' motion to amend.

Furthermore, the court has reviewed Defendants' responses to the court's September 18, 2007 order wherein the court directed Defendants to "submit a response addressing Plaintiffs' argument that Plaintiffs are entitled to $1,000 in attorneys' fees and costs for Defendants' failure to stipulate to the addition of Total Golf and CPTF prior to the filing of Plaintiffs' motion to amend."  (9/18/07 Order at 2.)  The court finds that Defendants had legitimate concerns about whether Total Golf and CPTF were necessary parties to this action and did not act unreasonably in failing to stipulate to the

---

[1]Some of Defendants did indicate that, although they were stipulating to the addition of Total Golf and CPTF, they had reservations concerning the legitimacy of adding such parties.  (*See generally* Defs.' Resps. to 9/18/07 Order.)  Specifically, Defendants expressed their belief that Plaintiffs may lack a legal justification to hold Total Golf and CPTF liable under the theories presented in Plaintiffs' complaint.  (*Id.*)  Defendants indicated that they would pursue their arguments in a motion for summary judgment rather than in objections to Plaintiffs' motion to amend.  (*Id.*)

addition prior to the filing of Plaintiffs' motion to amend. Accordingly, the court will not require Defendants to pay Plaintiffs' attorneys fees and costs incurred in preparing Plaintiffs' motion to amend.

### B. Motion to Withdraw

On September 18, 2007, attorney Steven Haffner, counsel for Defendants Forest Dunes Management, L.L.C. ("FDM"), Total Golf Management ("TGM") and James Dewling filed a motion for leave to withdraw as counsel for FDM and TGM. (*See generally* Haffner's Mot. to Withdraw.) Haffner seeks to withdraw because FDM and TGM filed for bankruptcy and have no assets or income from which to pay attorneys' fees. (*Id.* at 2.) No party has objected to the withdrawal and the court does not find that allowing a withdrawal would work an injustice upon any party. Accordingly, the court will grant Haffner's motion to withdraw.

### C. Stay of Discovery

On October 1, 2007, counsel for Defendants Forest Dunes Operating Company ("FDOC"), Forest Dunes Golf Club ("FDGC") and Forest Dunes Golf and Country Club ("FDGCC") informed the court that the parties had agreed to pursue facilitation. Counsel further indicated that the facilitation is tentatively scheduled for November 28, 2007 and that the parties seek a stay of discovery until that time. Given that the parties are in agreement on this issue and the court finds that a stay is the most fitting next step, the court will enter a stay of discovery pending resolution of the parties' efforts toward facilitation.

## II. CONCLUSION

IT IS ORDERED that Plaintiffs' "Motion to Amend" [Dkt. # 51] is GRANTED. Total Golf and CPTF shall be added as Defendants in this action.

IT IS FURTHER ORDERED that Haffner's motion to withdraw [Dkt. # 57] is GRANTED. Attorney Haffner is permitted to withdraw as counsel for Defendants FDM and TGM.

IT IS FURTHER ORDERED that discovery is STAYED pending resolution of facilitation.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 9, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 9, 2007, by electronic and/or ordinary mail.

        s/Lisa G. Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522